IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

MIGUEL GONGORA LOUZADA,

    Plaintiff,

vs.

ME OF CAPE CORAL NORTH LLC,
d/b/a Massage Envy,
a Florida limited liability company,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, MIGUEL GONGORA LOUZADA ("Plaintiff" or "GONGORA"), sues Defendant, ME OF CAPE CORAL NORTH LLC d/b/a Massage Envy ("ME"), and shows:

### NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, as amended in 1972, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Florida Civil Rights Act, §§ 760.01, *et seq.*, Fla. Stat. ("FCRA").

### JURISDICTION & VENUE

2. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331.

1

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District because the unlawful employment practices were committed in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

5. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in Lee County, Florida.

## PARTIES

**Plaintiff**

6. Plaintiff is a male individual who resides in Lee County, Florida.

7. Plaintiff was at all times material an employee of ME.

8. Plaintiff was, at all relevant times, an employee of ME as contemplated by Title VII and the FCRA.

**ME**

9. ME operates a spa and massage therapy business providing massages and other spa services to customers at locations throughout Lee County, Florida.

10. ME employed 15 or more employees in the calendar year 2024.

11. ME employed 15 or more employees in the calendar year 2025.

12. ME is an employer as contemplated by Title VII and the FCRA.

### SATISFACTION OF CONDITIONS PRECEDENT

13. Plaintiff, on or about September 7, 2025, filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which assigned it the Charge

Number 510-2025-12385, and which filing also perfected Plaintiff's rights under the Florida Civil Rights Act. A copy has been attached hereto as *Exhibit A*.

14. The EEOC issued Plaintiff a Notice of Right to Sue dated March 9, 2026, within 90 days of receipt of which Plaintiff has filed the present action. A copy has been attached hereto as *Exhibit B*.

15. As of the date of this filing, more than One Hundred and Eighty (180) days have passed since the filing of the Charge of Discrimination and the FCHR did not issue any determination concerning the same. Accordingly, Plaintiff has exhausted all required administrative remedies, entitling him to maintain a civil action under Florida and federal law.

16. All other conditions precedent to the filing of this action have been performed or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff is a Cuban, Hispanic male.

18. In July 2023, Defendant hired Plaintiff as a Massage Therapist at its Cape Coral, Florida location.

19. Plaintiff's duties included performing therapeutic massages, communicating with clients, and recommending follow-up visits and additional services based on clients' needs.

20. Throughout his employment, Plaintiff was the only male massage therapist working at Defendant's Cape Coral location.

21.    Throughout his employment, Plaintiff was subjected to harassment and disparate treatment by coworkers and management because of his sex and national origin.

22.    Employees and managers consistently mocked Plaintiff's accent and pronunciation.

23.    Plaintiff was scheduled for fewer clients than female massage therapists.

24.    Clients were told Plaintiff was unavailable when he was, in fact, available to provide services.

25.    Plaintiff's appointments were cancelled without explanation.

26.    Plaintiff's tips were frequently lost.

27.    Plaintiff complained about the harassment, discrimination, and disparate treatment to Defendant.

28.    Defendant failed to take remedial action in response to Plaintiff's complaints.

29.    In August 2024, Plaintiff met with Defendant's owner, John Preston, Manager Bridgette Sanders Holder, and Assistant Manager Jacky (last name unknown) regarding his complaints of harassment and discrimination.

30.    Following that meeting, a front desk employee named Karen told Plaintiff that speaking Spanish was disrespectful.

31.    After meeting with the owner, Plaintiff met with a member of Defendant's corporate management team, Emily (last name unknown), and Ms. Sanders Holder to discuss the harassment, disparate treatment, and discrimination he was experiencing.

32.    During that meeting, Plaintiff again complained about harassment, disparate treatment, and discrimination.

33.    Emily told Plaintiff to stop contacting the owner because he had nothing to complain about and the owner did not want to hear about it anymore.

34.    Plaintiff was further told to stop complaining or resign and that he would be terminated if he continued complaining.

35.    Thereafter, Plaintiff noticed that his work schedule was being reduced.

36.    On January 3, 2025, Plaintiff asked Assistant Manager Jacky why four of his upcoming scheduled workdays had been cancelled.

37.    On January 7, 2025, Jacky accused Plaintiff of having an aggressive tone when he inquired about his reduced work schedule.

38.    Plaintiff again complained that he was being harassed, discriminated against, and retaliated against and that Defendant had failed to address his concerns.

39.    Three days later, on January 10, 2025, Defendant terminated Plaintiff's employment.

40.    Defendant informed Plaintiff that his termination was based on a complaint from a client to whom Plaintiff had provided services weeks earlier.

41.   When Plaintiff requested additional information regarding the alleged complaint, Defendant informed him that it did not matter.

42.   When Plaintiff asked whether his termination was in retaliation for his complaints of discrimination and harassment, Defendant did not answer his question.

43.   As a result of Defendant's actions, Plaintiff suffered lost wages, lost benefits, emotional distress, embarrassment, and other damages.

## COUNT I – TITLE VII – SEX DISCRIMINATION

44.   Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 43 as if fully set forth in Count I.

45.   Defendant has intentionally discriminated against Plaintiff on account of his sex in violation of Title VII by denying to him equal terms and conditions of employment through subjecting him to discrimination and termination.

46.   Defendant's treatment of Plaintiff, including its termination of him, was motivated by Plaintiff's sex, and thus violated Plaintiff's rights under the Title VII.

47.   The actions of the Defendant affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by Title VII.

48.   As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

49.    The sex discrimination and termination that Plaintiff has suffered violates his federal statutory right to be free from such discrimination and constitutes irreparable harm for which there is no adequate remedy at law.

50.    Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

51.    WHEREFORE, Plaintiff, MIGUEL GONGORA LOUZADA, prays that this Court will:

    a.    Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of his rights under Title VII;

    b.    Make Plaintiff whole through back pay, benefits, and front pay;

    c.    Grant Plaintiff judgment against Defendant for damages for the violations of Title VII;

    d.    Grant Plaintiff his reasonable attorney's fees and litigation expenses against Defendant;

    e.    Grant damages for pain and suffering;

    f.    Grant punitive damages; and

    g.    Provide such other and further relief as is just.

## COUNT II – TITLE VII – NATIONAL ORIGIN DISCRIMINATION

52.    Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 43 as if fully set forth in Count II.

53. Defendant has intentionally discriminated against Plaintiff on account of his national origin in violation of Title VII by denying to him equal terms and conditions of employment through subjecting him to discrimination and termination.

54. Defendant's treatment of Plaintiff, including its termination of him, was motivated by Plaintiff's national origin, and thus violated Plaintiff's rights under the Title VII.

55. The actions of the Defendant affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by Title VII.

56. As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

57. The national origin discrimination and termination that Plaintiff has suffered violates his federal statutory right to be free from such discrimination and constitutes irreparable harm for which there is no adequate remedy at law.

58. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

59. WHEREFORE, Plaintiff, MIGUEL GONGORA LOUZADA, prays that this Court will:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of his rights under Title VII;

b. Make Plaintiff whole through back pay, benefits, and front pay;

c. Grant Plaintiff judgment against Defendant for damages for the violations of Title VII;

d. Grant Plaintiff his reasonable attorney's fees and litigation expenses against Defendant;

e. Grant damages for pain and suffering;

f. Grant punitive damages; and

Provide such other and further relief as is just.

## COUNT III – TITLE VII – RETALIATION

60. Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 43 as if fully set forth in Count III.

61. Defendant has intentionally retaliated against Plaintiff on account of his complaints of sex and national origin discrimination in violation of Title VII by denying to him equal terms and conditions of employment through subjecting him to retaliation including termination.

62. Defendant's treatment of Plaintiff, including its termination of him, was motivated by Plaintiff's complaints of sex and national origin discrimination, and thus violated Plaintiff's rights under Title VII.

63. The actions of the Defendant affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by Title VII.

64. As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

65. The retaliation and termination that Plaintiff has suffered violates his federal statutory right to be free from such retaliation and constitutes irreparable harm for which there is no adequate remedy at law.

66. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

67. WHEREFORE, Plaintiff, MIGUEL GONGORA LOUZADA, prays that this Court will:

    a.    Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of his rights under Title VII;

    b.    Make Plaintiff whole through back pay, benefits, and front pay;

    c.    Grant Plaintiff judgment against Defendant for damages for the violations of Title VII;

    d.    Grant Plaintiff his reasonable attorney's fees and litigation expenses against Defendant;

e.      Grant damages for pain and suffering;

f.      Grant punitive damages; and

g.      Provide such other and further relief as is just.

**COUNT IV – FCRA – SEX DISCRIMINATION**

68.     Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 43 as if fully set forth in Count IV.

69.     Defendant ME has intentionally discriminated against Plaintiff on account of his sex in violation of FCRA, §§ 760.01, *et seq*, Fla. Stat. by denying to him equal terms and conditions of employment through subjecting him to discrimination and termination based on his sex.

70.     Defendant ME's treatment of Plaintiff, including its termination of him, was motivated by Plaintiff's sex, and thus violated Plaintiff's rights under the FCRA.

71.     The actions of Defendant ME affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by the FCRA.

72.     As a direct, natural, proximate, and foreseeable result of Defendant ME's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

73.     The discrimination and termination that Plaintiff has suffered violates his Florida statutory right to be free from such discrimination.

11

74.    Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat. .

75.    WHEREFORE, Plaintiff, MIGUEL GONGORA LOUZADA, prays that this Court will:

a.    Issue a declaratory judgment that the discrimination against Plaintiff by Defendant ME was a violation of his rights under the FCRA;

b.    Make Plaintiff whole through back pay, benefits, and front pay;

c.    Grant Plaintiff judgment against Defendant ME for damages for the violations of the FCRA;

d.    Grant Plaintiff his reasonable attorney's fees and litigation expenses against Defendant ME;

e.    Grant damages for pain and suffering;

f.    Grant punitive damages; and

g.    Provide such other and further relief as is just.

## COUNT V – FCRA – NATIONAL ORIGIN DISCRIMINATION

76.    Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 43 as if fully set forth in Count V.

77.    Defendant ME has intentionally discriminated against Plaintiff on account of his national origin in violation of FCRA, §§ 760.01, *et seq*, Fla. Stat. by denying to

him equal terms and conditions of employment through subjecting him to discrimination and termination based on his national origin.

78. Defendant ME's treatment of Plaintiff, including its termination of him, was motivated by Plaintiff's national origin, and thus violated Plaintiff's rights under the FCRA.

79. The actions of Defendant ME affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by the FCRA.

80. As a direct, natural, proximate, and foreseeable result of Defendant ME's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

81. The discrimination and termination that Plaintiff has suffered violates his Florida statutory right to be free from such discrimination.

82. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat. .

83. WHEREFORE, Plaintiff, MIGUEL GONGORA LOUZADA, prays that this Court will:

    a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant ME was a violation of his rights under the FCRA;

b.      Make Plaintiff whole through back pay, benefits, and front pay;

c.      Grant Plaintiff judgment against Defendant ME for damages for the violations of the FCRA;

d.      Grant Plaintiff his reasonable attorney's fees and litigation expenses against Defendant ME;

e.      Grant damages for pain and suffering;

f.      Grant punitive damages; and

Provide such other and further relief as is just.

## COUNT VI – FCRA – RETALIATION

84.    Plaintiff realleges and incorporates the matters set forth in paragraphs 1 through 43 as if fully set forth in Count VI.

85.    Defendant ME has intentionally retaliated against Plaintiff on account of his complaints of discrimination due to his sex and national origin in violation of FCRA, §§ 760.01, *et seq*, Fla. Stat. by denying to him equal terms and conditions of employment, up to and including termination.

86.    Defendant ME's treatment of Plaintiff, including its termination of him, was motivated by Plaintiff's complaints of discrimination due to his sex and national origin, and thus violated Plaintiff's rights under the FCRA.

87.    The actions of Defendant ME affected Plaintiff in the "compensation, terms, conditions and privileges of employment" as envisioned by the FCRA.

88. As a direct, natural, proximate, and foreseeable result of Defendant ME's actions, Plaintiff has suffered lost wages and benefits in the past and such losses will continue into the future; he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue into the future.

89. The retaliation that Plaintiff has suffered violates his Florida statutory right to be free from such retaliation when engaging in protected activity.

90. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

91. WHEREFORE, Plaintiff, MIGUEL GONGORA LOUZADA, prays that this Court will:

    a. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant ME was a violation of his rights under the FCRA;

    b. Make Plaintiff whole through back pay, benefits, and front pay;

    c. Grant Plaintiff judgment against Defendant ME for damages for the violations of the FCRA;

    d. Grant Plaintiff his reasonable attorney's fees and litigation expenses against Defendant ME;

    e. Grant damages for pain and suffering;

    f. Grant punitive damages; and

    g. Provide such other and further relief as is just.

**DEMAND FOR JURY TRIAL**

Plaintiff, MIGUEL GONGORA LOUZADA, demands trial by jury on all issues so triable.

Dated: **June 8, 2026**

Respectfully submitted by:

**/s/ Hazel Solis Rojas**
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hazel@solisrojaslaw.com
**LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.**
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172
Telephone: (305) 558-8402

and

James A. Peterson, Esq.*
Florida Bar No. 645621
**PETERSON LEGAL P.A.**
5079 North Dixie Highway
Suite 105
Oakland Park, Florida 33334
(754) 444-8076
James@PetersonLegal.com
*Lead Counsel

*Attorneys for Plaintiff MIGUEL GONGORA LOUZADA*

16