UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL GONGORA LOUZADA,

Plaintiff,

Case No. 2:26-cv-1929-KCD-NPM

v.

ME OF CAPE CORAL NORTH, LLC, d/b/a Massage Envy,

Defendant.
_______________________________/

# ORDER

Plaintiff Miguel Gongora Louzada sues his former employer, Defendant ME of Cape Coral North, LLC. (Doc. 1.)[1] He alleges that Defendant violated his rights under federal and Florida law because of his sex and national origin. Defendant now moves to dismiss the complaint, arguing that it fails to allege sufficient facts. (Doc. 20.) Louzada has responded in opposition. (Doc. 27.) For the reasons below, the motion is denied.

## I. Background

Here are the relevant facts taken from the operative complaint, which at this stage must be taken as true and construed in the light most favorable to Louzada. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Louzada, a Cuban male, was hired by Defendant in July 2023 as a massage therapist at its Cape Coral, Florida location. He was the only male massage therapist at that location. Throughout his employment, Louzada alleges that he was subjected to harassment and disparate treatment because of his sex and national origin. (Doc. 1 ¶ 21.)

According to the complaint, coworkers and managers regularly mocked Louzada's accent and pronunciation. He was assigned fewer clients than his female coworkers, and clients who requested him were allegedly told he was unavailable when he was, in fact, available. His appointments were canceled without explanation, and his tips were often lost. Louzada repeatedly complained about this treatment, but Defendant allegedly took no corrective action.

In August 2024, Louzada met with Defendant's owner John Preston, manager Bridgette Holder, and assistant manager Jacky, to discuss his concerns regarding harassment and discrimination. After that meeting, a front-desk employee, Karen, allegedly told Louzada that speaking Spanish was disrespectful.

Louzada later met with Emily, a member of Defendant's corporate management team, and Holder to discuss the harassment, disparate treatment, and discrimination he claims to have experienced. According to Louzada, Emily responded by telling him to stop contacting the owner

because he had nothing to complain about and the owner no longer wanted to hear from him. Louzada also alleges that he was told to stop complaining or resign and that he would be terminated if he continued to raise complaints. After that meeting, his work schedule was reduced.

On January 3, 2025, Louzada asked Jacky why four of his upcoming workdays had been removed from the schedule. Jacky accused him of having an aggressive tone. Louzada again complained that he was being subjected to harassment, discrimination, and retaliation and that Defendant had failed to address his concerns.

On January 10, 2025, Louzada was fired. Defendant stated that the termination was based on a client complaint. When Louzada requested additional information, Defendant allegedly responded that it did not matter. Louzada also asked whether his termination was in retaliation for his complaints, but Defendant did not answer.

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The question here is not whether the plaintiff will ultimately prevail, but whether the complaint can proceed to discovery.

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). That benefit of the doubt, however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not unlock the courthouse doors. *Id.* In short, the plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law. *See, e.g.*, *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Discussion

### A. Sex Discrimination (Counts I & IV)

Louzada sues for sex and national-origin discrimination under Title VII of the Civil Rights Act and its state-law counterpart, the Florida Civil Rights Act ("FCRA"). (Doc. 1.) The FCRA was patterned after Title VII, so the elements and related case law are the same. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

"Title VII prevents employers from discriminating against employees on the basis of their sex." *Dagnesses v. Target Media Partners*, 711 F. App'x 927, 931 (11th Cir. 2017). In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court set the evidentiary standard for Title VII claims. *McDonnell Douglas* says that when a plaintiff's claim is based on circumstantial evidence, as Louzada alleges here, he must prove that "1) he was a member of a protected class, 2) he was qualified to do the job, 3) he was subjected to an adverse employment action, and 4) similarly situated employees outside of the protected class were treated differently." *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). But this framework is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Thus, "the complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case," but need only "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional [sex] discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Once the plaintiff has done so, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the complained-of act. *McDonnell Douglas*, 411 U.S. at 802; *see also Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288-89 (11th Cir. 2003) (applying *McDonnell* burden-shifting analysis). "Demonstrating a prima facie case is not onerous; it requires only that the

plaintiff establish facts adequate to permit an inference of discrimination." *Brown v. Sybase, Inc.*, 287 F. Supp. 2d 1330, 1339 (S.D. Fla. 2003).

Defendant faults Louzada for failing to identify similarly situated coworkers who were treated more favorably. (Doc. 20 at 2.)[2] In doing so, Defendant confuses the standard of proof required "to make [a] prima facie case" with the baseline pleading requirements of this claim. *Johnson v. Miami-Dade Cnty.*, 169 F.4th 1301, 1307 (11th Cir. 2026). A plaintiff need not identify a comparator to survive dismissal. Rather, he must allege facts that plausibly support an inference of intentional discrimination. *Id.*; *see also Elhag v. Delta Airlines, Inc.*, No. 1:25-cv-606-SDG-RGV, 2025 WL 4739609, at *8-9 (N.D. Ga. Nov. 18, 2025).

Louzada clears that bar. He alleges he was the only male massage therapist at the Cape Coral location and that, unlike his female coworkers, he received fewer client assignments. He also alleges that clients seeking to book appointments with him were falsely told he was unavailable, that his appointments were canceled without explanation, and that his tips routinely went missing. When Louzada raised concerns about this treatment with Defendant's owner, he was allegedly told that he had nothing to complain about and that the owner no longer wanted to hear his complaints. Taken

[2] The motion to dismiss is not paginated, so the Court uses the page numbering generated by its electronic filing system.

together, these allegations provide sufficient factual matter to support a plausible inference of sex-based discrimination. *See Elhag*, 2025 WL 4739609, at *8-9.

Defendant also argues that Louzada fails to connect his termination to his sex because he does not allege facts showing that Defendant's stated reason for his discharge, a client complaint, was false or pretextual. (Doc. 20 at 9.) But that argument puts the cart before the horse. Whether Defendant in fact terminated Louzada because of a client complaint rather than discriminatory animus is a factual dispute, not a pleading defect. At this stage, the Court accepts Louzada's well-pleaded allegations as true and asks only whether they plausibly state a claim for relief. They do.

**B. National Origin Discrimination (Counts II & V)**

To support his national-origin discrimination claim, Louzada alleges that employees and managers consistently mocked his accent and pronunciation. Defendant contends these allegations are deficient because Louzada does not identify who made the remarks, what specifically was said, when the comments were made, or whether the speakers were involved in any adverse employment decision. (Doc. 20 at 10.) Defendant likewise characterizes Louzada's allegation that a front-desk employee told him that speaking Spanish was disrespectful as insufficient. (*Id.*) According to Defendant, this isolated remark is merely a stray comment that cannot

support an inference of discrimination, particularly because Louzada does not tie the statement to a decision-maker. (*Id.* at 11.)

These arguments are unpersuasive at the pleading stage. Louzada does not rely solely on a stray remark from the front-desk employee's comment. He also alleges that "employees and managers consistently mocked [his] accent and pronunciation." (Doc. 1 ¶ 22.) At this juncture, he need not identify every speaker, quote every remark, or establish each individual's role in subsequent employment decisions. *See Swierkiewicz*, 534 U.S. at 513. The question is simply whether the complaint contains sufficient factual matter to plausibly suggest discrimination. It does.

Whether Louzada can ultimately substantiate these allegations with evidence is a matter for summary judgment or trial. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Rojas v. Fla.*, 285 F.3d 1339, 1342-43 (11th Cir. 2002) (holding that an isolated remark unrelated to the challenged employment decision was insufficient, standing alone, to create a genuine issue of material fact regarding pretext). At the pleading stage, however, Louzada's allegations are sufficient to support a plausible claim of national-origin discrimination.

### C. Retaliation (Counts III & VI)

Title VII prohibits employers from retaliating against employees who oppose practices that the statute makes unlawful. 42 U.S.C. § 2000e-3(a). To

show actionable retaliation, Louzada must allege: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal connection between the two. *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020).

A protected activity includes "informally voicing [discrimination] complaints to one's superiors." *Vincent v. Jefferson Cnty. Bd. of Educ.*, 152 F.4th 1339, 1353 (11th Cir. 2025). An adverse action includes termination of employment. *Selby v. Tyco Healthcare Grp., L.P.*, 301 F. App'x 908, 912 (11th Cir. 2008). And, at this stage, a causal connection "is construed broadly enough that a plaintiff need only establish that the protected activity and the [adverse] action are not completely unrelated." *Vincent*, 152 F.4th at 1353. Thus, a "[c]lose temporal proximity between the protected activity and the adverse action may be sufficient to demonstrate that connection." *Id.*

Louzada alleges that he repeatedly complained about harassment, discrimination, and disparate treatment, including to Defendant's owner and management team. (Doc. 1 ¶¶ 27, 29.) He also alleges that, after raising those concerns, he was told to stop contacting the owner because he had nothing to complain about and he would be terminated if he continued to complain rather than resign. (*Id.* ¶¶ 33-34.) Louzada also plausibly alleges a causal connection between his protected activity and his termination. According to the complaint, on January 3, 2025, he questioned an assistant manager

(Jacky) about the cancellation of four scheduled workdays. When Jacky questioned Louzada's tone, Louzada again complained that he was being subjected to harassment, discrimination, and retaliation, and Defendant terminated his employment three days later. (*Id.* ¶¶ 36-39.) Viewed in the light most favorable to Louzada, these allegations are sufficient to plausibly allege protected activity, an adverse employment action, and a causal connection between the two.

Defendant contends that Louzada failed to plausibly allege a protected activity because he did not describe the nature of his internal complaints. (Doc. 20 at 12.) According to Defendant, "[m]ost of Plaintiff's allegations fail to identify when his complaint was made, to whom it was made, what Plaintiff actually said, or whether he complained of discrimination based on his sex or national origin." (*Id.* at 12-13.) But that argument demands too much at the pleading stage. The complaint alleges that Louzada submitted multiple complaints to his manager and a member of the corporate team regarding *discrimination* and *harassment*, which is further detailed in the factual allegations. This is protected activity under Title VII, and no further detail is needed at this point. *See, e.g.*, *Bonds v. Fulton Cnty. Sch. Dist.*, No. 1:22-CV-01470-ELR-LTW, 2022 WL 22869775, at *4 (N.D. Ga. Oct. 27, 2022).

Louzada does not need to identify which representative made the decision to terminate his employment at this stage. Being fired only days

after engaging in a protected activity is enough to infer a causal connection. *See McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008); *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986).

## IV. Conclusion

For these reasons, Defendant ME of Cape Coral North LLC's Motion to Dismiss (Doc. 20) is **DENIED**. Defendant must answer the complaint within fourteen days.

**ORDERED** in Fort Myers, Florida on November 19, 2026.

Kyle C. Dudek
United States District Judge